# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MARVIN LEWIS HARRIS #424657,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:19-cv-00027 |
| ) | JUDGE CRENSHAW |
| **DAVIDSON COUNTY SHERIFF'S** ) | |
| **OFFICE, et al.,** ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION AND ORDER

Marvin Lewis Harris, an inmate in the custody of the Davidson County Sheriff in Nashville, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), along with an application to proceed in district court without prepaying fees and costs. (Doc No. 2.) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A.  Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust account is **DIRECTED** to submit to the Clerk of

Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Davidson County Sheriff to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

B.  **Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and

"held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that Corey Williams, a fellow inmate from another pod, forced his way into Plaintiff's pod and attacked him on December 7, 2018. (Doc. No. 1 at 4.) Williams and Plaintiff had previously been cellmates, but Defendant Alexander had caused them to be separated and flagged as incompatible after an earlier altercation between them. (Id. at 4, 7.) In paperwork attached as part of his complaint, Plaintiff acknowledges that he did not report that Williams had been threatening him for four weeks before the December 7 incident "because [they were] in different pods already." (Id. at 6.) The complaint indicates that on December 7, while Williams was in the hallway outside his pod threatening him, Defendant Alexander opened the door to the pod to see if the officer in the pod needed assistance. (Id. at 8.) Williams then jumped off a bench, pushed Defendant Alexander out of his way and forced his way into the pod, where he attacked Plaintiff. (Id. at 4, 8.) Plaintiff incorporates a statement by Defendant Alexander that she attempted to stop Williams from getting past her, but "he broke away and proceeded to charge" Plaintiff. (Id. at 9.) The other officer in the pod pepper sprayed the inmates, and both he and Defendant

3

Alexander called a code red for assistance and waited for back-up before separating the inmates. (Id. at 4, 8, 9.)

Plaintiff alleges that Defendant Alexander's conduct was "inproper deliberate" and "very unprofessional," and incorporates his complaints to jail staff that "[t]hat door never should of opened" and "I don't know if she might of done it on purpose." (Id. at 4, 8.) He alleges that as a result of the attack he has experienced neck and back pain, mental stress, and difficulty sleeping. (Id. at 5, 6.) He sues Defendant Alexander and the Davidson County Sheriff's Office for more than $4.5 Million. (Id. at 5.)

Plaintiff's allegations do not state a constitutional claim for deliberate indifference to his safety. Officials have a constitutional duty to protect the safety of their inmates, but that duty "is to ensure 'reasonable safety,'" not absolute safety. Farmer v. Brennan, 511 U.S. 825, 844 (1994) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official ***know of and disregard*** an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. Plaintiff has not alleged such indifference by Defendant Alexander in this case. To the contrary, Plaintiff's own allegations establish that Defendant Alexander had previously attempted to prevent problems between him and Williams by separating them and flagging them as incompatible, and he provides no basis to infer any change in her intentions since then. Plaintiff alleges that it was improper and unprofessional for Defendant Alexander to open the pod door when she did on December 7, but he does not allege any facts, beyond his sheer speculation that it "might" have been intentional, that would establish that she purposefully enabled the attack or that she consciously disregarded a significant likelihood that Williams would physically overwhelm her to get to the Plaintiff. Plaintiff repeatedly uses the word "deliberate" in his effort to make out a cause of action, but "a

4

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim for which relief can be granted, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Plaintiff has failed to satisfy that standard in this case.

Finally, even if Plaintiff had otherwise stated a claim for relief, his claim against the Davidson County Sheriff's Office would be dismissed because Sheriff's Office is not an entity capable of being sued under Section 1983. See Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting Tennessee district court cases concluding that police departments and sheriff's offices are not proper parties to a § 1983 suit).

C. **CONCLUSION**

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE